OPINION OF THE COURT
Edward A. Marón, J.
*765 Defendant moves by notice of motion to dismiss seeking an order, pursuant to CPLR 3211, dismissing the complaint. Plaintiff has opposed the motion.
Now, for reasons more specifically set forth herein, the motion is granted.
Background
In or about January of 2011, defendant entered into a contract with the New York City School Construction Authority (hereinafter referred to as the SCA) to perform a construction project known as “Parapets, Exterior Masonry and Roofs” (at Public School 29 in Staten Island, NY [the project]).
On or about March 22, 2011, the parties herein entered into a subcontract, pursuant to which plaintiff was to perform certain asbestos abatement work in connection with the project (hereinafter referred to as the subcontract).
In support of its application, defendant argues that this action is time-barred based upon the limitation period the parties agreed to in paragraph 28 of the subcontract, which provides as follows:
“No action or proceeding shall lie or shall be maintained by Subcontractor against Contractor, CM, or Owner unless such action shall be commenced within one (1) year after Substantial Completion of Subcontractor’s work herein, or, if this Subcontract is terminated, unless such action or proceeding is commenced within six (6) months after date of such termination. Subcontractor acknowledges that it is expressly agreeing to limit the time to commence an action otherwise available to it by statute.”
It is unrefuted that the last day that plaintiff furnished labor or material to the project was June 11, 2012, and the SCA certified the project work as substantially complete as of October 5, 2012. In its verified complaint, plaintiff alleges that in or around December of 2012, the SCA signed off on the completed work. It is unrefuted that final negotiations were not complete until June 24, 2016 when the SCA signed off on the credits, which defendant had previously signed off on on May 11, 2016. It was not until June 24, 2016 that payment became due to plaintiff.
Plaintiff commenced this action by the filing of a summons and motion for summary judgment in lieu of complaint on *766 March 21, 2016, and by short form order of this court, dated June 24, 2016, the motion for summary judgment was denied.
Decision and Order
CPLR 201 requires that an action be commenced “within the time specified in th[e] article unless a different time is prescribed by law or a shorter time is prescribed by written agreement.” In this instance, the documentary evidence demonstrates, and there is no dispute, that the parties’ written agreement shortened the limitations period from the statutorily prescribed six years for an action on a contract or based on fraud (CPLR 213) to one year. The court has evaluated plaintiff’s argument that the one-year limit is unreasonable, and that adherence to paragraph 28 of the subcontract was an impossibility thereby making it unenforceable, and finds that it is without merit.
Plaintiff’s counsel argues that the one-year limitations period agreed to by the parties in the subcontract was not reasonable to the point of a complete waiver of all claims, and that other provisions of the subcontract, to wit: paragraphs 5 and 3, make timely bringing of claims an impossibility.
Paragraph 5 of the subcontract provides that
“[f]inal payment to Subcontractor shall be made after completion and acceptance of the premises by the Contractor & Owner of Subcontractor’s work, documentation and acceptance and payment thereof by the CM/Owner, and upon receipt of Subcontractor’s general release, waiver of lien and satisfactory proof of payment by Subcontractor of each and every obligation in the performance of its obligations under this Subcontract and upon satisfactory proof that all claims and demands in connection with Subcontractor’s work have been discharged.”
Paragraph 3 states that “tplayment of this amount is subject to additions or deductions within the provisions of this Subcontract and of the other documents to which this Subcontract is subject.”
Defendant’s counsel argues that the provisions of paragraphs 3 and 5 do not create conditions precedent to bringing a claim for breach of contract, and although this court does not agree, this is not the dispositive point here on the issue of impossibility. What is dispositive is that plaintiff was aware, or should have been aware, meaning it was foreseeable, *767 that final negotiations in public projects such as the one at issue here, can and typically do take an extended period of time after the certification of substantial completion. Although plaintiff’s counsel argues that it was forced to wait for final negotiations between the defendant and the SCA (negotiations to which plaintiff was not a party) to be completed before it was to be paid under the subcontract, and therefore compliance with paragraph 28 was an impossibility, plaintiff’s counsel also acknowledges that
“[i]t is common in public contracts for there to be an extended period of work and payment negotiations after the certification of substantial completion. The work required to reach Final Completion, . . . and negotiations of credits are some of the items that require time after substantial completion in order to determine the existence and amount of any claims.”
It is therefore plain that the circumstances which plaintiff argues made it impossible to timely bring its claims were in fact foreseeable.
While it is well-established that “[generally, once a party to a contract has made a promise, that party must perform or respond in damages for its failure, even when unforeseen circumstances make performance burdensome” (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987], citing Calamari & Perillo, Contracts § 13-1 at 477 [2d ed 1977]), “[impossibility excuses a party’s performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible. Moreover, the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract” (Kel Kim Corp. v Central Mkts., 70 NY2d at 902 [citations omitted]).
Plaintiff’s position that the “reduced time period for claims when combined with the conditioning of payment on the resolution of multi-year events under the control of the Defendant renders the restriction unenforceable” under the theory of impossibility is fatally flawed in this instance. The conditions that plaintiff’s counsel cites were simply not unforeseeable or unanticipated. Accordingly, the doctrine of impossibility simply cannot be applied here.
Now, with respect to plaintiff’s argument that defendant should be equitably estopped from asserting a statute of limita *768 tions defense, the court must disagree. In order to invoke the doctrine of equitable estoppel, the party seeking to do so must demonstrate: “(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts” (Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68, 81-82 [1980]). Here, there has simply been no competent or legally sufficient showing of any false representation or concealment of material facts on the part of the defendant.
The court therefore finds that the one-year limitations period is enforceable, and may be invoked as a defense in this matter.
Next, we come to plaintiff’s argument that its unjust enrichment claim is not subject to dismissal as it was pleaded in the alternative to the claims sounding in contract. We agree with plaintiff’s position that “[s]uch pleadings [in equity] are expressly contemplated and permitted by New York law.” However, as with the breach of contract and account stated claims, the claim of unjust enrichment is subject to the shortened period of one year as per paragraph 28 of the subcontract, though the statutory time period would have been six years.
Having already held that the contractual limitation in the subcontract is enforceable, the court finds that plaintiff’s claims as contained in the first, second and third cause of action are subject to the shortened time period set forth in paragraph 28 of the subcontract, therefore are untimely.
Next, as to plaintiff’s argument that the emails between the parties on or about March 25, 2014 constitute a separate agreement which is not subject to the terms of the subcontract is fatally defective. It is this court’s opinion that credit negotiations between the parties and between defendant and the SCA were part of, contemplated within (i.e. para 5), and subject to the terms of the subcontract.
Furthermore, the subcontract clearly states in paragraph 31 that “[n]o oral modification of this Subcontract shall have any force or effect.” The enforceability of this clause is further codified in General Obligations Law § 15-301 (1), which provides that
“[a] written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agree *769 ment is in writing and signed by the party against whom enforcement of the change is sought or by his agent.”
CPLR 3211 (a) (1) provides that “[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that: 1. a defense is founded upon documentary evidence.” Here, defendant has asserted a defense on the grounds that the cause of action on the contract is time-barred, and which the court finds to be sufficiently supported by the competent documentary evidence presented. Accordingly, and for the reasons set forth herein, plaintiff’s verified complaint is dismissed in its entirety.
It is, therefore, hereby ordered that plaintiff’s complaint is dismissed in its entirety.